IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HERITAGE FOUNDATION<br>214 Massachusetts Ave. N.E.<br>Washington, D.C. 20002<br><br>MIKE HOWELL<br>214 Massachusetts Ave. N.E.<br>Washington, D.C. 20002<br><br>*Plaintiffs*,<br><br>v.<br><br>DAVID C. WEISS, in his official capacity as United States Attorney for the District of Delaware<br>1313 N. Market Street<br>Wilmington, DE 19801<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave., N.W.<br>Washington, D.C. 20408<br><br>*Defendants*. | Case No.: 23-cv-____ |

**COMPLAINT AND PRAYER FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs THE HERITAGE FOUNDATION and MIKE HOWELL (collectively "Plaintiffs") for their complaint against Defendants DAVID C. WEISS, in his official capacity as United States Attorney for the District of Delaware ("Weiss"), and the U.S. DEPARTMENT OF JUSTICE ("Justice" or "the Department") allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, as follows:

1

**INTRODUCTION**

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the production of records related to possible Mann Act, 18 U.S.C. § 2421 *et seq.*, violations by Robert Hunter Biden, and communications from the Office of the United States Attorney for the District of Delaware with other Department of Justice components related to those possible Mann Act violations.

**PARTIES**

2.  Plaintiff The Heritage Foundation is a Washington, D.C.-based nonpartisan public policy organization with a national and international reputation whose mission is to "formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense." Heritage Foundation, About Heritage, *found at* https://www.heritage.org/about-heritage/mission (last visited Dec. 8, 2023). Heritage is a not-for-profit section 501(c)(3) organization which engages in substantial dissemination of information to the public. Heritage operates a national news outlet, *The Daily Signal*.

3.  Plaintiff Mike Howell leads The Heritage Foundation's Oversight Project and is an author for *The Daily Signal*. The Oversight Project is an initiative aimed at obtaining information via Freedom of Information Act requests and other means in order to best inform the public and Congress for the purpose of Congressional oversight. The requests and analysis of information is informed by Heritage's deep policy expertise. By function, the Oversight Project primarily engages in disseminating information to the public. Oversight Project, *found at* https://www.heritage.org/oversight (last visited Dec. 8, 2023); X, *found at* @OversightPR, https://twitter.com/OversightPR (last visited Dec. 8, 2023). Staff for the Oversight Project

routinely appear on television, radio, print, and other forms of media to provide expert commentary on salient issues in the national debate.

4.      Defendant David C. Weiss is the United States Attorney for the District of Delaware. The United States Attorney's Office for the District of Delaware is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) whose mission is to "protect and serve the citizens of Delaware through the ethical, vigorous, and impartial enforcement of the laws of the United States, and, in doing so, to defend the national security, improve the safety and quality of life in our communities, protect the public funds and financial assets of the United States, maintain a courteous and professional working environment, and with skill and integrity, seek to do justice in every case."  About the District; *found at* https://www.justice.gov/usao-de/about-district (last visited Dec. 8, 2023).

5.      Defendant DOJ is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1), whose mission is to "uphold the rule of law, to keep our country safe, and to protect civil rights." About DOJ; Our Mission, *found at* https://www.justice.gov/about#:~:text=The%20mission%20of%20the%20Department,and%20to%20protect%20civil%20rights (last visited Dec. 8, 2023).

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Delaware and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

7.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the District of Delaware and under 5 U.S.C. § 552(a)(4)(B) because records sought are situated in the District of Delaware.

## FACTUAL BACKGROUND

### Weiss's Authority Over the Hunter Biden Investigation

8. Attorney General Merrick B. Garland announced on August 11, 2023 that Weiss had been appointed Special Counsel pursuant to 28 C.F.R. § 600.4(a). Att'y Gen. Order No. 5730-2023, Appointment of David C. Weiss as Special Counsel ("Appointment Order") (Ex. 1).

9. The Appointment Order authorized Weiss to "conduct the ongoing [Hunter Biden] investigation [], as well as any matters that arose from the investigation or may arise from the Special Counsel's investigation or that are within the scope of 28 C.F.R. § 600.4(a)" and "to prosecute federal crimes in any federal judicial district arising from the investigation of these matters." *Id.* at 1–2.

10. Prior to Weiss's appointment as Special Counsel, Attorney General Garland made several statements regarding Weiss's authority over the Hunter Biden investigation:

- "So, I am not going to comment about this investigation, but as everyone knows there is an investigation going on in Delaware by the U.S. Attorney who was appointed by the previous Administration. I can't comment on it any further than that." *Oversight of the United States Department of Justice: Hearing Before the H. Comm. on the Judiciary*, 117th Cong., 206 (Oct. 21, 2021) (Ex. 2).

- "So the Hunter Biden investigation, as I said even in my own nomination confirmation hearing, is being run by and supervised by the United States Attorney for the District of Delaware." *A Review of the President's Fiscal Year 2023 Funding Request for the U.S. Department of Justice: Hearing before the S. Comm. on Appropriations, Subcomm. on Justice, Science, and Related Agencies*, 117th Cong., CQ Trans. at *16–18 (Apr. 26, 2022) (Ex. 3).

- "He [Weiss] is supervising the investigation. And I'm, you know, I'm not at liberty to talk about internal Justice Department deliberations, but he is in charge of that investigation. There will not be interference of any political or improper kind." *Id.* at *16.

- "Again, he [Weiss] is the supervisor of this investigation and, you know, the normal processes of the department occur. But he is the supervisor of this investigation." *Id.* at *16.

- "Because we put the investigation in the hands of a Trump appointee from the previous Administration who's the United States Attorney for the District of Delaware.  And because you have me as the Attorney General, who is committed to the independence of the Justice Department from any influence from the White House in criminal matters.  *Id.* at *17.

- "Senator, following the longstanding rule of the Justice Department we don't discuss investigations or evidence that maybe—may or may not be relevant to investigations.  That's a matter for the United States Attorney's office that's investigating the case."  *Id.* at *18.

- "So, as the committee well knows from my confirmation hearing, I promise to leave—I promised to leave the matter of Hunter Biden in the hands of the US attorney for the District of Delaware, who was appointed in the previous administration.  So, any information like that should have gone or should—or should have gone to that US attorney's offices and the FBI squad that's working with him.  I have pledged not to interfere with that investigation, and I have carried through on my pledge."  *Oversight of the Department of Justice: Hearing Before the Sen. Comm. on the Judiciary*, 118th Cong., CQ Trans. at *30–33 (Mar. 1, 2023) (Ex. 4).

- "The—the US attorney in Delaware has been advised that he has full authority to—to make those kind of referrals that you're talking about, or to bring cases in other jurisdictions if he feels it's necessary.  And I will assure that, if he does, he will be able to do that."  *Id.* at *31.

- "He [Weiss] would have to bring—if it's in another district, he would have to bring the case in another district.  But as I said, I promise to ensure that he's able to carry out his investigation and that he be able to run it.  And if he needs to bring it in another jurisdiction, he will have full authority to do that."  *Id.* at *31.

- "Well, it's a kind of a complicated question.  If it—under the regulations, that kind of act, he [Weiss] would have to bring to me under—to the Attorney General.  Under the regulations, those kind of charging decisions would have to be brought.  I would then have to, you know, authorize it and permit it to be brought in another jurisdiction.  And that is exactly what I promised to do here already, that if he needs to do—bring a case in another jurisdiction, he will have my full authority to do that."  *Id.* at *31–32.

- "So, I—I don't know the answer to that.  I do—and I don't want to get into the internal elements of decision making by the US attorney.  But he [Weiss] has been advised that he is not to be denied anything that he needs.  And if that were to happen, it should ascend through the department's ranks.  And I have not heard anything from that office to suggest that they're not able to do everything that the US attorney wants to do."  *Id.* at *32.

- "I can't comment about the investigation, other than to say that all the matters involving Mr. Hunter Biden are the purview of the US attorney in Delaware.  He's not restricted in his investigation in any way."  *Id.* at *138.

- "Yes, it's still the case that I stand by my testimony, and I refer you to the U.S. attorney for the District of Delaware who is in charge of this case and capable of making any decisions that he feels are appropriate." Alexander Mallin, Katherine Faulders, Will Steakin, *Garland responds to IRS agent's claim Hunter Biden probe is being mishandled*, at *1, ABC News (May 2, 2023). (Ex. 5)

- "As I said at the outset, Mr. Weiss, who was appointed by President Trump as the US attorney in Delaware and assigned this matter during the previous administration would be permitted to continue his investigation and to make a decision to prosecute anyway in which he wanted to and in any district in which he wanted to. Mr. Weiss has since sent a letter to the House Judiciary Committee confirming that he had that authority. I don't know how it would be possible for anybody to block him from bringing a prosecution, given that he has this authority." Press Conference of Attorney General Merrick Garland, CQ Trans. at *17–18 (Jun. 23, 2023) (Ex. 6).

- "I say, [U.S. Attorney Weiss] was given complete authority to make all decisions on his own. *Id*. at *18.

- "The only person with authority to make somebody a special counsel or refuse to make somebody a special counsel is the attorney general. Mr. Weiss never made that request to me. *Id*.

- "Mr. Weiss had in fact more authority than a special counsel would have had. He had and has complete authority, as I said, to bring a case anywhere he wants in his discretion. *Id*. at *19.

    11.   Weiss's written statements track those of Attorney General Garland:

- "I want to make clear that, as the Attorney General has stated, I have been granted ultimate authority over this matter, including responsibility for deciding where, when, and whether to file charges and for making decisions necessary to preserve the integrity of the prosecution, consistent with federal law, the Principles of Federal Prosecution, and Departmental regulations." Letter from United States Attorney David Weiss to Chairman Jim Jordan at 1 (Jun. 7, 2023) (Ex. 7).

- "In February 2021, I was asked to remain as United States Attorney for the District of Delaware to continue my oversight of the matter. Since that time, I have fulfilled my responsibilities, consistent with Department practices and procedures, and will continue to do so. Throughout my tenure as U.S. Attorney my decisions have been made—and with respect to the matter must be made—without reference to political considerations." *Id.* at 3.

- "Here, I have been assured that, if necessary. . . I would be granted § 515 Authority in the District of Columbia, the Central District of California, or any other district where charges

6

could be brought in this matter." Letter from United States Attorney David Weiss to Chairman Jim Jordan at 2 (Jun. 30, 2023) (Ex. 8).

- "To clarify an apparent misperception and to avoid future confusion, I wish to make one point clear: in this case, I have not requested Special Counsel designation pursuant to 28 CFR § 600 *et seq*. Rather, I had discussions with Departmental officials regarding potential appointment under 28 U.S.C. § 515, which would have allowed me to file charges in a district outside my own without the partnership of the local U.S. Attorney. I was assured I would be granted this authority if it proved necessary." Letter from United States Attorney David Weiss to Senator Lindsey Graham at 1 (Jul. 10, 2023) (Ex. 9).

**HOUSE COMMITTEE ON OVERSIGHT AND ACCOUNTABILITY'S LETTER TO THE DEPARTMENT**

12. On July 25, 2023 Chairman of the House Oversight and Accountability Committee James Comer and Representative Marjorie Taylor Greene wrote to the National Human Trafficking Coordinator Hilary Axam and the Director of the Office for Victims of Crime Kristina Rose seeking information regarding potential victims of Mann Act violations alleged to have been committed by Hunter Biden. Letter from Chairman Comer and Representative Greene to Coordinator Hilary Axam and Director Kristina Rose (Jul. 25, 2023) ("Oversight Letter")  (Ex. 10).  Both entities are located within the Department

13. The Oversight Letter requested a response by August 4, 2023. *Id.* at 7.

14. Having received no response, Chairman Comer and Representative Greene again wrote to Coordinator Axam and Director Rose seeking additional information on September 8, 2023 and requesting a response by September 22, 2023. Letter from Chairman Comer and Representative Greene to Coordinator Hilary Axam and Director Kristina Rose (Sept. 8, 2023) ("Second Oversight Letter") (Ex. 11).

15. To date, Coordinator Axam and Director Rose have provided no public response to the Committee.

## PLAINTIFFS' FOIA REQUEST

16. Plaintiffs submitted a FOIA Request on July 31, 2023. The FOIA Request was submitted to the email address USADE.Press@usdoj.gov. Plaintiffs' FOIA Request (Jul. 31, 2023) ("the Request") (Ex. 12).

17. The Request set forth five succinct specifications for records seeking substantially similar information to that requested in the Oversight Letter. *Id.* at 1. Specifically, the Request sought:

1. All communications between the United States Attorney's Office for Delaware and Main Justice regarding potential victims in the investigation of Hunter Biden.
2. All records related to the compilation of potential Mann Act violations related to the Robert Hunter Biden reference at page 155 of the House Committee on Ways and Means' June 1, 2023 Transcribed Interview of Joseph Ziegler.
3. All communications with the United States Probation Office relating to Mann Act (18 U.S.C. § 2421 et seq.) or related offenses.
4. Records sufficient to show all communications with potential victims concerning disposition of any charges against Robert Hunter Biden.
5. Records sufficient to show which DOJ component was responsible for handling victim issues related to the investigation of Robert Hunter Biden.

18. The Request sought a fee waiver because, as a 501(c)(3) nonprofit, Heritage Foundation does not have a commercial purpose for the information requested; instead, it analyzes the information requested in order to educate the public through social media, broadcast media, (traditional and nontraditional) and press releases. The requested information is in the public interest because multiple news agencies have been and continue to cover the investigation of Hunter Biden as well as the appointment of Weiss as Special Counsel. *Id.* at 4–5.

19. The Request also sought Expedited Processing pursuant to 28 C.F.R. § 16.5(e)(1)(iv), because the controversy concerning Hunter Biden and possible Mann Act violations is "a matter of widespread and exceptional media interest in which there exists possible

questions about the government's integrity which affect public confidence." The factual and legal basis for this application was explained at length. *Id.* at 5–9.

20. The Request included five appendices consisting of: (A.) a letter from Hon. James Comer and Hon. Marjorie Taylor Greene to Ms. Hilary Axam and Ms. Kristina Rose; (B.) a CQ Transcript of the House Oversight and Accountability Committee's July 19, 2023 Hearing; (C.) a letter from proposed *Amici* in *United States v. Biden*, No. 23-cr-61 (MN); (D.) a compilation of news articles relating to Hunter Biden and the Mann Act; and (E.) a letter to Plaintiff Mike Howell from the United States Department of Justice, Executive Office for the United States Attorneys granting expedited processing of a FOIA request for records related to the Hunter Biden prosecution. Appendices A–E, *found at*

https://oversight.house.gov/wp-content/uploads/2023/07/Letter-re-Victims-to-DOJ-7.25.23-Final.pdf

http://thf_media.s3.amazonaws.com/2023/Oversite_Project/Appendix_B_CQ-%20irs-whistleblowers.pdf

https://thf_media.s3.amazonaws.com/2023/Oversite_Project/DE%20Amicus%20Brief.pdf

http://thf_media.s3.amazonaws.com/2023/Oversite_Project/Appendix-D_Compilation-of-news-articles-mann-act.pdf

http://thf_media.s3.amazonaws.com/2023/Oversite_Project/Appendix_E_Weiss-reqest-grant-of-expedition_title.pdf

**THE DEPARTMENT OF JUSTICE'S RESPONSE**

21. On August 3, 2023, the Executive Office for the United States Attorneys provided an acknowledgement letter for the Request, assigning it tracking number EOUSA-2023-002837. Acknowledgment Letter FOIA Request EOUSA-2023-002387 (Aug. 3, 2023) (Ex. 13)

22. On September 15, 2023, the Executive Office for United States Attorneys provided an update on the Request, noting that it was awaiting a response from the appropriate search office. Status Letter FOIA Request EOUSA-2023-002837 (Sept. 15, 2023) (Ex. 14).

23. On the same day, the Executive Office for United States Attorneys granted Plaintiffs' request for expedited processing. Grant of Expedited Processing Letter FOIA Request EOUSA-2023-002837 (Sept. 15, 2023) (Ex. 15).

24. On September 15 2023, Counsel for the Plaintiffs contacted the Public Affairs Office for the Office of the United States Attorney for the District of Delaware for a status update on the Request. Correspondence between Samuel Everett Dewey and Public Affairs Officer Kim Reeves (Sept. 15, 2023) (Ex. 16). On September 20, 2023, Public Affairs Officer Kim Reeves responded, "[p]lease contact EOUSA'S FOIA Office directly for information regarding your FOIA request." *Id.*

25. More than 30 days have passed since the Plaintiffs' FOIA Request was sent via email and received by Weiss on July 31, 2023. Thirty working days from July 31, 2023 is September 12, 2023.

26. As of the filing of this Complaint, the Department has neither informed the Plaintiffs of any determination as to whether it will comply with the Request, nor produced any records in response to the Request. The Department has not responded to Plaintiffs' request for a fee waiver.

27. As of the date of this Complaint, Weiss has failed to: (i) produce the requested records or demonstrate that the records are lawfully exempt from disclosure; (ii) notify Plaintiffs of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiffs that they may appeal any adequately specific, adverse determination.

**FIRST CLAIM FOR RELIEF**
**Violation FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records.**

28. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

29. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

30. Plaintiffs properly requested records within the possession, custody, and control of Defendant.

31. Defendant is subject to FOIA and therefore must make reasonable efforts to search for requested records.

32. Defendant has failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiffs' FOIA Request.

33. Defendant's failure to conduct searches for responsive records violates FOIA and Department of Justice regulations.

34. Plaintiffs have a statutory right to the information they seek.

35. Defendant is in violation of FOIA.

36. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

37. Plaintiffs have no adequate remedy at law.

38. Plaintiffs have constructively exhausted their administrative remedies.

### SECOND CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

39. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

40. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

41. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

42. Defendant is subject to FOIA, and therefore must release to a FOIA requester any non-exempt records and provide a lawful reason for withholding any records.

43. Defendant is wrongfully withholding non-exempt records requested by Heritage by failing to produce any records responsive to Plaintiffs' FOIA Request.

44. Defendant is wrongfully withholding non-exempt-agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIA Request.

45. Defendant's failure to provide all non-exempt responsive records violates FOIA and DOJ regulations.

46. Plaintiffs have a statutory right to the information they seek.

47. Defendant is in violation of FOIA.

48. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

49. Plaintiffs have no adequate remedy at law.

50. Plaintiffs have constructively exhausted their administrative remedies.

### THIRD CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Denial of Fee Waiver

51. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

52. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." *Attorney General, Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

53. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

54. Defendant has constructively denied Plaintiffs' application for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) & (iii) and 28 C.F.R. §16.10(k).

13

55.     The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

56.     Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*.  5 U.S.C. § 552(a)(4)(a)(ii).

57.     Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government."  5 U.S.C. § 552(a)(4)(A)(iii).

58.     Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request.  5 U.S.C. § 552(a)(4)(A)(viii)(I).

59.     Plaintiffs have a statutory right to a fee waiver.

60.     Defendant is in violation of FOIA by denying a fee waiver.

61.     Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA.  Plaintiffs are being denied a fee waiver to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news.  Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

62.     Plaintiffs have no adequate remedy at law.

63.     Plaintiffs have constructively exhausted their administrative remedies.

**FOURTH CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Statutory Bar Against Charging Fees**

64. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

65. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

66. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

67. The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

68. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*. 5 U.S.C. § 552(a)(4)(a)(ii).

69. Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

70. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

71. Defendant has not determined "more than 5,000 pages are necessary to respond to this request," or discussed with Plaintiffs how Plaintiffs "could effectively limit the scope of the request." 5 U.S.C. § 552(a)(4)(A)(viii)(II)(cc).

72. Defendant is currently statutorily barred from charging fees related to Plaintiffs' FOIA Request.  Therefore, Plaintiffs have a statutory right to have the Request processed without being charged any fees.

73. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA.  Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

74. Plaintiffs have no adequate remedy at law.

75. Plaintiffs have constructively exhausted their administrative remedies.

**FIFTH CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Provide Expedited Processing Despite Purported Grant of Request to Expedite**

76. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

77. FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in government operations is a priority of th[e Biden] . . . Administration."  *Attorney General, Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

78. Plaintiffs requested expedited processing in the Request pursuant to 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e)(1)(iv).

79. The Department has failed to process the Request in an expedited manner. While the Department purported to grant expedited processing by its September 15, 2023 letter, the Department did not indicate when it would provide agency records and Plaintiffs have received no records responsive to the Request.

80. Defendant has failed to process the Request "as soon as practicable."  5 U.S.C. § 552(a)(6)(E)(iii).

81. Defendant's failure to expeditiously provide all non-exempt responsive records violates FOIA and DOJ regulations.

82. Plaintiffs have a statutory right to the information they seek.

83. Defendant is in violation of FOIA.

84. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

85. Plaintiffs have no adequate remedy at law.

86. Plaintiffs have constructively exhausted their administrative remedies.

**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

A. Enter a preliminary and permanent injunction compelling Defendant to process Plaintiffs' FOIA Request on an expedited basis;

B. Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA Request;

C. Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA Request and indexes justifying the withholding of any responsive records withheld in whole or in part under claim of exemption;

D. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA Request;

E. Enjoin Defendant from assessing fees or costs for Plaintiffs' FOIA Request;

F. Retain jurisdiction over this matter as appropriate;

G. Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 522(a)(4)(E); and

H. Grant such other and further relief as this Court may deem just and proper.

Dated: December 11, 2023          Respectfully submitted,

LAW OFFICES OF
MURRAY, PHILLIPS & GAY
/s/ Julianne E. Murray
Bar ID 5649
215 E. Market Street
Georgetown, DE 19947
Tel:  (302) 855-9300
julie@murrayphillipslaw.com

SAMUEL EVERETT DEWEY
*Application for Admission Pro Hac Vice Pending*
Chambers of Samuel Everett Dewey, LLC
Telephone:  (703) 261-4194
Email:  samueledewey@sedchambers.com

*Counsel for Plaintiffs*